**United States District Court**
For the Northern District of California

1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                      SAN FRANCISCO DIVISION

9

10

11    MICHAEL R. AND SUSAN C. CLARK,              No. C 11-0471 RS

12              Plaintiffs,
           v.                                     **ORDER CONTINUING MOTION FOR**
13                                                **SUMMARY JUDGMENT PURSUANT**
      UNITED STATES OF AMERICA,                   **TO RULE 56(d)**
14
              Defendant.
15

16    _____/

17

18         Plaintiffs Michael and Susan Clark brought this action seeking a refund of approximately $1

19    million they paid in federal income taxes, plus interest. The parties' dispute arises from a

20    transaction in which the Clarks transferred four "floating rate notes" ("FRNs") to Optech Limited,

21    and received approximately $7 million dollars in return. The Clarks contend the transaction was a

22    loan, and that the FRNs were transferred to Optech merely as collateral. The Internal Revenue

23    Service determined that the transaction legally constituted a sale of the FRNs from the Clarks to

24    Optech, giving rise to a taxable capital gain. The government now seeks summary judgment that

25    the transaction was in fact a sale, and that the Clarks' alternative claims of having suffered a theft

26    loss and having an entitlement to acquire Qualified Replacement Property to defer recognition of a

27    capital gain are without merit.

28

**United States District Court**
For the Northern District of California

1    The Clarks have filed opposition to the motion, arguing that determining the legal nature and

2    effect of the transaction would require resolution of numerous disputed issues of fact, even on the

3    present record.[1]  The Clarks also claim, though, that at a minimum they should be allowed to

4    complete discovery before the merits of this motion are considered.

5    Rule 56(d) of the Federal Rules of Civil Procedure permits denial or continuance of a motion

6    for summary judgment, "[i]f a nonmovant shows by affidavit or declaration that, for specified

7    reasons, it cannot present facts essential to justify its opposition." A party requesting a Rule 56(d)

8    continuance bears the burden setting forth in affidavit form the specific facts he hopes to elicit from

9    further discovery; and of demonstrating that the facts sought exist, and that the sought-after facts are

10   essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg.*

11   *Corp.*, 525 F.3d 822, 827 (9th Cir.2008); Fed.R.Civ.P. 56(d); see also *Tatum v. City & Cnty. of San*

12   *Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006); *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151,

13   1161 n. 6 (9th Cir.2001). Failing to meet this burden "is grounds for the denial" of a Rule 56(d)

14   motion. *Pfingston v. Ronan Eng. Co.*, 284 F.3d 999, 1005 (9th Cir.2002).

15   Here, the Clarks have offered woefully few specifics as to what facts remain to be

16   discovered or how they would be material to the analysis.  Nevertheless, given that discovery is

17   ongoing and set to close on September 27, 2012, and in light of the fact-intensive nature of

18   determinations as to whether a transaction is a loan or a sale, and other issues in this case, the

19   hearing presently set for July 26, 2012 will be continued to November 8, 2012, at 1:30 p.m.  No

20   later than October 18, 2012, the Clarks may file a supplemental opposition brief (not to exceed 15

21   pages) and any supporting declarations.  The government may file a supplemental reply brief (also

22   not to exceed 15 pages) and any declarations no later than October 25, 2012.

23   The Clarks are cautioned that any factual assertions in their supplemental opposition must be

24   appropriately supported with citations to the record.  They are further advised that simply because a

25

26   [1]  The Clarks fail to provide evidentiary citations, however, for any of the assertions in their
"Statement of Facts."  Additionally, while they repeatedly insist that they never authorized Optech
27   to resell the FRNs, they fail to address the government's arguments that they expressly granted such
authority in the transaction documents they executed.
28

particular legal question involves factual matters, or even application of a multi-factor "test," entry

of summary judgment is not automatically precluded. "Where the record taken as a whole could not

lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

IT IS SO ORDERED.

Dated: July 23, 2012

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California