# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL R. and SUSAN C. CLARK, | Case No. 11-cv-00471 RS (NC) |
| Plaintiffs, | **ORDER TO MEET AND CONFER** |
| v. | Re: Dkt. Nos. 40, 41 |
| UNITED STATES OF AMERICA, and the DEPARTMENT OF TREASURY, by its agency, the INTERNAL REVENUE SERVICE, | |
| Defendant. | |

This order addresses Defendant's Motion for Protective Order and to Quash Deposition Subpoenas and Plaintiffs' Motion for Extension of Deadlines. As Judge Seeborg noted in his November 6, 2012 order continuing the hearing on summary judgment, the parties failed to properly notice this discovery dispute, and as a result, Plaintiffs' proposed date to extend discovery has passed. Dkt. No. 47. Plaintiffs' motion is DENIED as moot. Because Judge Seeborg has allowed the parties to file supplemental briefing, the Court addresses Defendant's motion to quash the subpoenas of additional deponents and for a protective order.

**FAILURE TO COMPLY WITH LOCAL RULES AND STANDING ORDER**

Civil Local Rule 37-1(a) mandates a conference between counsel before presenting the Court with a discovery dispute: "The Court will not entertain a request or a motion to

Case No. 11-cv-00471 RS (NC)
ORDER TO MEET AND CONFER

resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." My Civil Standing Order further explains that the "conference" must be in person, or if counsel are outside the San Francisco Bay Area, must at least be by telephone. A mere exchange of letters, emails, or telephone messages does not satisfy this requirement. *See* Mag. Judge N. Cousins, Civil Standing Order, updated Aug. 24, 2012 (copy attached). If, after conferring, the parties cannot resolve a discovery dispute, they must submit a joint letter brief. *Id.*

Here, the parties have failed to meet and confer to resolve their dispute. Counsel for Defendant declares that she contacted Plaintiffs' counsel to try to resolve the dispute prior to filing the motion. Plaintiffs allege that they sought an agreement and stipulation from defense counsel regarding the additional depositions. This type of incomplete exchange by counsel does not satisfy this Court's requirement that parties meet and confer before submitting a discovery dispute. Defendant also failed to follow my standing order and improperly submitted a motion regarding this dispute, without notice and without setting a hearing.

Because of these deficiencies, the Court DENIES WITHOUT PREJUDICE Defendant's motion for a protective order and to quash. The parties are ordered to meet and confer in accordance with my standing order. If, after meeting, the parties have not resolved these issues, they may resubmit the dispute to the court. In that event, Defendant must submit a letter brief, as described in my standing order, by November 14, 2012 at 5:00 p.m. A hearing will be set for November 21, 2012 at 1:00 p.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

IT IS SO ORDERED.

Date: November 8, 2012

Nathanael M. Cousins
United States Magistrate Judge